**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CATHERINE L. TAYLOR**                                                                                         **PLAINTIFF**

v.                                              **CASE NO. 4:10CV00282 BSM**

**TENANT TRACKER, INC. a/k/a**
**RESULT MATRIX, INC.**                                                                                          **DEFENDANT**

**ORDER**

Defendant Tenant Tracker, Inc. moves to dismiss the complaint filed by plaintiff Catherine L. Taylor for failure to state a claim upon which relief may be granted. [Doc. No. 7]. Taylor has responded. [Doc. No. 12]. For the reasons set forth below, Tenant Tracker's motion is denied.

I. ALLEGATIONS

In April 2010, Taylor consented to a mandatory background check in connection with her application for public housing assistance with the Benton Public Housing Authority (the "Housing Authority"). Compl. ¶¶ 7-9. Upon the request of the Housing Authority, Tenant Tracker, a company in the business of providing consumer credit and criminal history background reports, compiled a report on Taylor. Compl. ¶¶ 11-12. Taylor alleges that although Tenant Tracker was provided with certain personal identifiers, including her name and social security number, it published an inaccurate report to the Housing Authority "replete with false criminal records." Compl. ¶¶ 13-14. Specifically, Taylor alleges that the report indicated that she had been convicted of multiple crimes, primary felonies, and that she was a convicted child abuser, forger, thief, and drug addict. Compl. ¶ 15. Taylor further

alleges that the data contained in the report is false and that she suffered adverse action and damages as a result. Compl. ¶¶ 19-20, 65-66.

Taylor alleges that Tenant Tracker failed to properly investigate false information in Taylor's report and continued to prepare and issue false consumer reports. Compl. ¶ 25. She also alleges that Tenant Tracker's database system is defective in that it permits data with inadequate identifiers to be compiled into consumer reports. Compl. ¶¶ 28-30. Moreover, Taylor alleges that Tenant Tracker's search algorithm does not require adequate points of correspondence with the data it compiles from public records. Compl. ¶ 30.

Taylor's complaint brings seven separate causes of action against Tenant Tracker: sections 1681e(b) and 1681k of the Fair Credit Reporting Act (FCRA), products liability, negligence, defamation, invasion of privacy, and third party beneficiary–breach of contract. Tenant Tracker argues that Taylor's complaint must be dismissed because (1) she failed to plead all of the necessary elements for her claims under the FCRA, and (2) she failed to allege facts showing the requisite malice or willful intent to injure necessary to overcome the doctrine of qualified immunity that governs her common law causes of action.

## II. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its

allegations show that the pleader is entitled to relief. *Id.* "The plaintiff need not prove specific facts in support of [her] allegations, but . . . must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (internal citations omitted).

### III. DISCUSSION

Viewing the complaint in the light most favorable to Taylor, she has stated valid claims under the FCRA. Furthermore, the question of whether Taylor can overcome the qualified immunity granted by 15 U.S.C. § 1681h by proving "malice or willful intent to injure" is inappropriate to decide at the motion to dismiss stage. Accordingly, her common law claims will not be dismissed at this time.

Defendant's motion to dismiss [Doc. No. 7] is denied.

IT IS SO ORDERED this 15th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE