## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**CATHERINE L. TAYLOR**                                                **PLAINTIFF**

v.                              **CASE NO. 4:10CV00282 BSM**

**TENANT TRACKER, INC., a/k/a/**
**RESULT MATRIX, INC.**                                               **DEFENDANT**

### <u>ORDER</u>

Plaintiff Catherine L. Taylor's motion to dismiss defendant Tenant Tracker's counterclaim [Doc. No. 37] is GRANTED.

### I. ALLEGATIONS

Tenant Tracker provided a public records background check on Taylor when she applied for federal housing assistance. Compl. ¶ 10. The report identified five public records as possible matches for a Catherine Taylor having the same date of birth. *Id.* ¶ 14. The subscriber who reviewed the report realized that the records were not attributable to Taylor almost immediately, and Taylor was approved for a Section 8 voucher. Counterclaim ¶ 91(a). Taylor brought suit under 15 U.S.C. § 1681e(b). Compl. ¶¶ 46-49. Her complaint was dismissed on summary judgment. [Doc. No. 83].

Tenant Tracker alleges that Taylor's claims were brought in bad faith and has brought a counterclaim under 15 U.S.C. §§ 1681n(c), o(b) . Counterclaim ¶ 87. Specifically, Tenant Tracker pleads that Taylor was actually aware of other people with similar names having the same birth date who have criminal records. *Id.* ¶ 88. In support of this contention, Tenant Tracker asserts that Taylor twice before sued other reporting agencies for wrongfully

attributing criminal records to her. *Id.* Tenant Tracker further alleges that Taylor intentionally failed to supply the housing authority with additional identifiers that would distinguish her from those records and thereby sought to create a cause of action by concealment. *Id.* at 90. Finally, Tenant Tracker asserts that the allegations contained in Taylor's complaint were made solely for the purpose of harassment. *Id.* at 91.

## II. LEGAL STANDARD

Dismissal is proper if Tenant Tracker's counterclaim fails to state a claim upon which relief can be granted. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting the factual allegations as true, the counterclaim will be reviewed to determine whether its allegations show that Tenant Tracker is entitled to relief. *Id.* Although Tenant Tracker need not prove specific facts in support of its allegations, its pleading must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level. *Id.* (quotation omitted).

## III. DISCUSSION

Tenant Tracker's counterclaim is dismissed because the statutes under which Tenant Tracker proceeds cannot form the basis of a cause of action. Those sections provide that if a court finds that "an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." 15 U.S.C. §§ 1681n(c), o(b).

Other courts that have addressed sections 1681n(c) and 1681o(b) have held that these sections of the Fair Credit Reporting Act (FCRA) are "subsidiary to an action" and do not form a cause of action by themselves. *E.g.*, *Wilson v. Aspen FB&T*, 2008 WL 3318757, at *2 (E.D. Mich. Aug. 8, 2008). Furthermore, prevailing parties who have obtained fee awards under the FCRA have done so by post-trial motion. *See, e.g.*, *Slantis v. Capozzi & Assoc., P.C.*, 2011 WL 2531752, at *1 (M.D. Pa. June 24, 2011).

Tenant Tracker maintains that it is entitled to fees regardless of whether they are characterized as damages or sanctions. Nevertheless, it has not produced any authority supporting the proposition that the FCRA contains damages remedies for defendants. Although Tenant Tracker may seek an award of fees by post-trial motion, its counterclaim is simply not the proper vehicle. Accordingly, Taylor's motion to dismiss [Doc. No. 37] is granted, and the counterclaim is hereby dismissed. An appropriate judgment shall issue.

IT IS SO ORDERED this 7th day of November 2011.

UNITED STATES DISTRICT JUDGE